IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RAYMOND COOPER, ) <br> KALONJI McMILLIAN and ) <br> SEDWICK JOHNSON ) <br> ) <br> Defendants. ) | No. 01 CR 543 -1, -2, -3 |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

The Seventh Circuit has ordered a limited remand in this case pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), in order to seek this court's views on whether it would reimpose the same sentence upon a remand for resentencing. *United States v. Johnson et al.*, Nos. 03-1322, 03-1323 & 03-1477, slip op. (7th Cir. May 4, 2005). For the reasons set forth below, this court informs the Seventh Circuit that it would reimpose the same sentence on defendants Cooper, McMillian and Johnson if this case is remanded for resentencing.

## BACKGROUND

Defendants Raymond Cooper ("Cooper"), Kalonji McMillian ("McMillian"), and Sedwick Johnson ("Johnson"), were each convicted of one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Dkt. Nos. 82-85). In June 2001, Cooper arranged to sell one kilogram of powder cocaine and one kilogram of crack cocaine to Jason Rauner ("Rauner"). *United States v. Johnson et al.*, Nos. 03-1322, 03-1323 & 03-1477,

slip op. at 2 (7th Cir. May 4, 2005). Cooper had supplied Rauner with illegal drugs for several years. *Id.* Rauner set up the purchase as part of his cooperation with the government after Rauner had been arrested in an unrelated case. *Id.* at 1-2. McMillian's role was cooking the cocaine into crack while Johnson's primary responsibility was to deliver the drugs to Rauner.

On February 18, 2002, this court sentenced Cooper to: (1) 360 months of imprisonment for each of the three counts, to run concurrently, (2) five years of supervised release for counts one and three with four years for count two, to run concurrently, (3) a $5,000.00 fine, and (4) the $100 special assessment for each count totaling $300.00. (Dkt. No. 122). McMillian was sentenced on January 30, 2005 to: (1) 204 months of imprisonment for each of the three counts, to run concurrently, (2) five years of supervised release for counts one and three with four years for count two, to run concurrently, and (3) the $100 special assessment for each count totaling $300.00. (Dkt. No. 111). Johnson was sentenced on January 30, 2005 to: (1) 360 months of imprisonment for each of the three counts, to run concurrently, (2) five years of supervised release for counts one and three with four years for count two, to run concurrently, and (3) the $100 special assessment for each count totaling $300.00. (Dkt. No. 112).

The Seventh Circuit ordered the present limited remand, as part of its plain error review on the *Booker* issue, in light of the fact that this court imposed Cooper, McMillian and Johnson's sentences under the then mandatory Sentencing Guidelines. *United States v. Johnson et al.*, Nos. 03-1322, 03-1323 & 03-1477, slip op. at 10-11 (7th Cir. May 4, 2005). The Seventh Circuit rejected the defendants' other arguments on appeal.

This court has examined the case pursuant to the limited remand and the procedures established in *United States v. Paladino.* 401 F.3d 471, 483-84 (7th Cir. 2005). This court has

obtained the written views of counsel. (Dkt Nos. 143-155). As explained further in this opinion, the court states that it would reimpose the same sentence if this case were remanded for resentencing. *United States v. Bianucci*, – F.3d –, No. 04-2004, 2005 WL 1791434, at *7 (July 29, 2005) (citing *United States v. Mykytiuk*, 402 F.3d 773, 779 (7th Cir. 2005); *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005)). In addition to considering the written views of counsel, this court has reviewed the original record in this matter including the transcript from the defendants' sentencing proceedings, the Presentence Investigation Reports, and the Judgment and Commitment orders.

## ANALYSIS

In this opinion, the court has subdivided the various arguments presented by the parties because certain of those arguments presented by the parties apply to all the defendants while others only apply to an individual defendant. The court first addresses the arguments applying to all defendants and then turns to the arguments that apply to each individual defendant.

### A. Preliminary Issues Applicable to All Defendants

As a preliminary issue, the government argues that this court in evaluating the case on this limited remand must limit itself to the original record that existed at the time of the original sentencing of the defendants. As a second preliminary issue, the government also argues that the Sentencing Guidelines should be given "substantial weight." (Dkt. No. 146 at pg. 2). The defendants oppose both of these arguments.

As to the government's first argument, the court believes that it must allow the defendants the opportunity to provide additional information, not present in the original record, if they so choose. Neither the *Paladino* decision, nor any other decision from the Seventh Circuit

3

directly addresses this issue, but the Seventh Circuit's decision in *United States v. Goldberg* advises in favor of the allowance of the introduction of new information. 406 F.3d 891 (7th Cir. 2005). The *Goldberg* court considered the situation in which a defendant's might be remanded for sentencing after a *Paladino* limited remand. The *Goldberg* court noted that the district court would not be restricted to imposing a shorter sentence but could impose a heavier sentence if "damaging new information had come to light since the *Paladino* remand." *Id.* at 895.

Additionally, new information must be allowed during the limited remand because a plain error is one that is not known or explored by the parties during the district court proceedings and as such the original record is likely not fully developed by the parties. *See e.g., United States v. Sumner*, 325 F.3d 884, 888-89 (7th Cir. 2003). The change from mandatory to advisory Guidelines also counsels in favor of allowing the parties to present new information because the parties might have made a strategic decision originally to exclude certain information. The use of advisory Sentencing Guidelines, along with the reasonableness standard on appellate review, *see United States v. Mykytiuk*, – F.3d –, No. 04-1196, 2005 WL 1592956, at *2 (7th Cir. July 7, 2005), increases the possibility that some previously excluded information has now become relevant. Therefore, the new information presented in the defendants' written arguments has been considered by the court.

Turning to the second issue of what weight should this court give to the Sentencing Guidelines, the government argues that the Sentencing Guidelines should be given "substantial weight" while the defendants argue that the Sentencing Guidelines are only one factor to consider in sentencing. The defendants argue that this court should give more weight to the other factors listed in 18 U.S.C. § 3553(a).

4

Recent Seventh Circuit decisions have resolved this issue. "Any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. ... The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)." *United States v. Mykytiuk*, – F.3d –, No. 04-1196, 2005 WL 1592956, at *2 (7th Cir. July 7, 2005) (citations omitted). "Section 3553(a), unlike the guidelines themselves after *Booker*, is mandatory. ... [However,] [j]udges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. Dean*, – F.3d –, No. 04-3172, 2005 WL 1592960, at *4 (7th Cir. July 7, 2005) (citations omitted).

Thus, the Seventh Circuit directs that the proper starting place is to properly calculate the sentencing range under the Sentencing Guidelines. Any sentence imposed within this range has the rebuttable presumption of reasonableness. The court must consider the factors under § 3553(a) when considering the proper sentence to impose but need not articulate the court's consideration of every factor. The factors under § 3553(a) gain greater importance "the farther the judge's sentence departs from the guideline sentence" because the judge must provide a "more compelling ... justification based on factors in § 3553(a) ... in order to enable the court of appeals to access the reasonableness of the sentence." *Dean*, – F.3d –, No. 04-3172, 2005 WL 1592960, at *4. The court shall now turn to the specific arguments presented by each of the individual defendants that relate exclusively to that defendant.

5

## B. Specific Arguments Presented by each Defendant

### 1. Raymond Cooper

Cooper's first argument is that his case should be remanded for resentencing because this court initially misapplied the Sentencing Guidelines during the original sentencing. He argues that there is no factual basis for the court's imposition of his sentence under a Criminal History Category of IV. He also argues that government falsely inflated his sentence through sentence entrapment. The Seventh Circuit has considered, and rejected, Cooper's arguments on these issues. *United States v. Johnson et al.*, Nos. 03-1322, 03-1323 & 03-1477, slip op., at pg 7-8, 10 n.2 (7th Cir. May 4, 2005). This court is bound by the Seventh Circuit's decision and must reject Cooper's arguments on these issues.

Cooper next argues that his case should be remanded for resentencing because the factors under 18 U.S.C. § 3553(a) mitigate for the imposition of a lesser sentence. The court believes that the factors under § 3553(a) do not counsel for a lesser sentence.

Applying the procedures set forth under the then mandatory Guidelines, this court calculated Cooper sentencing range to be 324 to 405 months imprisonment. This court imposed a sentence of 360 months, a sentence near the middle of the sentencing range. The factors under § 3553(a), as applied to Cooper, support the reasonableness of the sentence.

Cooper argues for deviation from the sentence of 360 months because his offense "cannot be described as a very serious offense. " (Dkt. No. 150 at pg. 11). He also argues that he is not a career criminal as described by the government but instead is someone who had "a long series of minor run-ins with law enforcement as a juvenile." *Id.* He also argues that his sentence essentially double counts the drugs and this leads to a disparity in his sentence as compared to

other sentences.

Section 3553(a)(2)(A) requires the court to impose a sentence that reflects the seriousness of the offense. Contrary to Cooper's suggestion, engaging in a conspiracy to distribute and distributing one kilogram of powder cocaine and one kilogram of "crack" cocaine is a serious offense. The seriousness of the offense is reflected in the treatment of the offense under the now advisory Sentencing Guidelines.

Additionally, this court disagrees with Cooper's suggestion that he is someone who has simply had a "long series of minor run-ins" with the law. (Dkt. No. 150 at pg. 11). At the original sentencing, this court stated that "with regard to [Cooper's] involvement with the law, you're not a good person and you haven't been a good person." (Dkt. No. 130 at pg. 85). In considering the nature and circumstances of the offense, as well as the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), this court sees no reason to deviate from the original sentence.

Cooper's final argument as to why he believes that this court should resentence him is his assertion that the government failed to introduce any evidence at his trial that the cocaine base in this case was in fact crack. He argues that the government's failure to present any evidence on this issue precludes this court from imposing a sentence that includes a determination that the drugs were crack. Cooper did not raise this argument at the time of his original sentencing nor during his appeal to the Seventh Circuit. This court may only address on this limited remand under *Paladino* the issue presented by the Seventh Circuit and, though considering other information, will not address other issues that are raised by Cooper.

2. Kalonji McMillian

McMillian first argument for resentencing is that this court imposed a sentence based on factual findings improperly made by the court. This court must reject McMillian's argument.

The jury completed a special verdict form finding beyond a reasonable doubt that McMillian was responsible for "more than 500 grams of cocaine" and "more than 50 grams of crack cocaine." (Dkt. No. 83). Reviewing the evidence supporting the jury's verdict, the court found that a preponderance of the evidence established that McMillian, who has a Criminal History Category of I, was responsible for one kilogram of powder cocaine and one kilogram of crack cocaine. This resulted in a sentencing range of 188 to 235 months and the court imposed a mid-range sentence of 204 months.

The court's imposition of this sentence under the mandatory Guidelines, beyond the maximum sentence available based on facts admitted by the defendant or found by a jury beyond a reasonable doubt, violated the Sixth Amendment. *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (2005). The Supreme Court remedied this issue by making the Guidelines advisory instead of mandatory in the remedial portion of the *Booker* decision. "The *Booker* decision does not preclude a sentencing judge from making factual findings that have the effect of increasing the Guideline sentencing range." *United States v. Della Rose*, 403 F.3d 891, 907 (7th Cir. 2005). This court understands that it has additional discretion in imposing a sentence now that the Guidelines are advisory. However, this court concludes that its factual findings as to the quantity of illegal drugs involved, and the corresponding sentence imposed which was based on those findings, was reasonable. Therefore, there is no reason for this court to seek a remand for resentencing McMillian.

McMillian's other argument for resentencing is that there is no evidence in the transcript that this court considered any of the § 3553(a) factors during sentencing. "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. Dean*, – F.3d –, No. 04-3172, 2005 WL 1592960, at *4 (7th Cir. July 7, 2005) (citations omitted). McMillian's sentence is within the Guideline range and the factors under § 3553(a) do not support a deviation from this presumptively reasonable sentence.

### 3. Sedgwick Johnson

Johnson first argues that his sentence should be reduced because his crime involved crack cocaine and over the past ten years the Federal Sentencing Commission has repeatedly and consistently urged the elimination, or at least substantial reduction, of the disparities in sentencing for crack verses powder cocaine offense. Although this court understands that the Guidelines are now advisory, this court must still consider the Guidelines since they retain a presumption of reasonableness. It is for the Congress and the Sentencing Commission, not this court, to address the broader question of the difference between crack verses powder cocaine in sentencing under the Sentencing Guidelines.

Johnson next argues that his participation in the narcotics conspiracy was fleeting and therefore the level of the punishment, 360 months, far exceeds his crime. The court must consider nature and circumstances of the offense but it must also consider the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Johnson's sentence was influenced by this court's determination that he was a career offender with a Criminal History Category of VI.

9

Furthermore, Johnson did play a vital role in the drug conspiracy by delivering the drugs. Johnson may not have been the leader of the conspiracy but his act of delivering the drugs was an act that had to occur in order to carry-out the objective of the conspiracy and underlying crimes.

The last argument from Johnson is that he anticipates being in prison until at least the age of 60 under his current sentence. He believes that this age is well past the age where potential recidivism sharply decreases and therefore there is no need to keep in him prison to that age. The court believes that the seriousness of the present offense, the need to promote respect for the law, and Johnson's prior criminal history support the reasonableness of the sentence the court imposed. The court sees no reason to resentence Johnson to a lesser sentence.

## CONCLUSION

For the reasons set forth above, this court informs the Seventh Circuit that it would reimpose the same sentence on defendants Cooper, McMillian and Johnson if this case is remanded for resentencing.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: August 11, 2005