IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 01 CR 543 |
| SEDGWICK JOHNSON | Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, Sedgwick Johnson's Motion to Reduce Sentence Under the First Step Act (Dkt. No. 237) is granted.

## I. BACKGROUND

On July 26, 2001, a federal grand jury returned an indictment charging Johnson and his co-defendants Kalonji McMillian and Raymond Cooper with: (1) one count of conspiracy to possess with intent to distribute more than 50 grams of a mixture containing cocaine base ("crack cocaine") and more than 500 grams of a mixture containing cocaine ("powder cocaine"), in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute more than 500 grams of powder cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) one count of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The case against Johnson and his co-defendants proceeded to trial by jury on October 15, 2002.

1

On October 22, 2002, the jury found Johnson guilty on all three charges. Pursuant to count one, the jury made a specific finding that Johnson had participated in the distribution of more than 50 grams of crack cocaine and more than 500 grams of powder cocaine.

Johnson was sentenced on January 30, 2003. The sentencing court found Johnson to be a "career offender" under the U.S. Sentencing Guidelines §§ 4B1.1 and 4B1.2, and calculated his criminal history category as VI and his total offense level as 37. The court sentenced Johnson to a 360-month term of imprisonment on all three counts (which was the low end of the then-applicable guidelines range of 360 months to life), to run concurrently with each other. The court also sentenced Johnson to five years of supervised release on counts one and three, and four years of supervised release on count two, to run concurrently with each other. To date, Johnson has served approximately 216 months of his sentence.

Johnson now moves this Court for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("the First Step Act"), and Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("the Fair Sentencing Act"). Johnson requests that the Court reduce his 360-month sentence for distribution of

crack cocaine to a 262-month sentence—the low end of the currently applicable guidelines range.

## II. DISCUSSION

The First Step Act effectively makes the provisions of the Fair Sentencing Act, passed in 2010, retroactive. Section 404 of the First Step Act states, in relevant part:

> (a) DEFINTION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

PL 115-391. Relief under the First Step Act is discretionary. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

### A. Covered Offense

The First Step Act limits eligibility to "covered offenses." *See* PL 115-391 § 404. When Johnson was charged, tried, and sentenced, the statutory sentence for possession with an intent to distribute 50 grams or more of crack cocaine was ten years to life. 21 U.S.C. § 841(b)(1)(A) (2003). The Fair Sentencing Act raised the amount of crack cocaine that triggered that statutory sentence

3

from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A) (2019). The Fair Sentencing Act set the statutory penalty for more than 28 but less than 280 grams of crack cocaine as between five- and 40-years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2019). Therefore, Johnson argues, the Fair Sentencing Act modified the statutory penalty for his violation of 21 U.S.C. § 841(a)(1), rendering his offense a "covered offense" under the First Step Act.

The Government argues that Johnson is not eligible for relief under the First Step Act because "the record confirms" that the quantity of crack cocaine "involved" in Johnson's offense was over 280 grams, such that the Fair Sentencing Act would not have modified the applicable statutory penalty. (Gov.'s Resp. at 5, Dkt. No. 240.) The Government cites to the following aspects of the "record" to support its position: (1) the Presentence Investigation Report ("PSR") that the U.S. Probation Office prepared prior to Johnson's sentencing, in which the Probation Office wrote that Johnson was "found guilty of possession and/or distributing and conspiring to distribute approximately one kilogram of cocaine base and one kilogram of cocaine" (Gov.'s Resp. at 3); and (2) the sentencing court "found… that [Johnson] was responsible for one kilogram of cocaine and one kilogram of crack cocaine." (Gov.'s Resp. at 5.) Thus, the Government asserts that Johnson's violations "involv[ed] crack cocaine quantities that

exceeded 280 grams" (Dkt. No. 240 at 5), rendering his offenses ineligible for the reduced statutory penalty brought about by the Fair Sentencing Act.

Johnson urges that the Government's interpretation of the First Step Act is wrong on the facts and the law. First, as to the facts, Johnson asserts that the Government's position is erroneous because neither the jury nor the sentencing court found Johnson responsible for a specific quantity of crack cocaine above 50 grams. Johnson is right. Johnson was charged via indictment with conspiracy to distribute, and distribution of, "in excess of 50 grams of [crack cocaine]." (Indictment at 1, 7, Dkt. No. 17.) The jury found Johnson "guilty as charged in the Indictment," and in an interrogatory, found that the amount of crack cocaine involved in the conspiracy to distribute was "more than 50 grams." (Verdict, Dkt. No. 84.) The jury made no specific finding as to any quantity above 50 grams. Furthermore, contrary to the Government's assertion, the sentencing court made no findings regarding a specific quantity of crack cocaine. (*See generally* Sentencing Transcript, Ex. C to Johnson's Reply, Dkt. No. 244.) The sentencing court did not explicitly adopt the findings in the PSR. (*Id.*) That court agreed with the PSR's determination of Johnson's total offense level and criminal history category. (*Id.* at 19:4-24.) However, in sentencing Johnson, the court stated only that it was sentencing Johnson to 360 months "because of the circumstances."

(*Id.* at 28:20-22.) It never indicated that it was holding Johnson responsible for one kilogram of crack cocaine.

Next, the law. The Supreme Court has held, with limited exception, that any fact that enhances a statutory penalty must be proven beyond a reasonable doubt:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. 99, 103 (2013) (citation omitted); *see also Apprendi v. New Jersey*, 530 U.S. 466, 476-77 (2000). Recently, district courts have rejected the Government's position as being contrary to *Alleyne* and *Apprendi*:

> In the government's view… the drug quantity that matters in determining whether a defendant was sentenced for a "covered offense" within the meaning of the First Step Act is not the statutory quantity in the indictment but the quantity found by the Court at sentencing. … The government's interpretation of section 404 would preclude a court from granting relief when, as in this case, the record contains a judicial finding of a drug quantity of 280 grams or more of crack cocaine based on a preponderance of the evidence. Today, with limited exception, any fact that enhances a statutory penalty must be proven beyond a reasonable doubt.

*United States v. Allen*, No. 3:96-CR-00149, 2019 WL 1877072, at *2-4 (D. Conn. Apr. 26, 2019).

Interpreting the plain language of the First Step Act, district courts have held that it is "the statute of conviction, not actual conduct, that controls eligibility under the First Step

6

Act." *United States v. Davis*, No. 07-CR-245S, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *United States v. Martin*, No. 03-CR-795, 2019 WL 1558817, at *3 (E.D.N.Y. Apr. 10, 2019) (same), *vacated as moot* (Apr. 22, 2019). A district court in *United States v. Pierre*, 372 F. Supp. 3d 17, 22-23 (D.R.I. 2019), explained that delving into the record is inappropriate on a First Step Act motion:

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; *it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.*

*United States v. Pierre*, 372 F. Supp. 3d 17, 22-23 (D.R.I. 2019) (emphasis added). The *Pierre* court noted that the Government's approach is "problematic in several ways," mostly significantly, "it effectively requires the Court to employ a prosecutor-friendly 'way-back machine' to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect." *Id.* at 22.

The Court concurs with the growing number of district courts that have rejected the Government's position. Under *Alleyne*, the Government cannot rely on a drug quantity that the Probation Office included in the PSR, when that drug quantity differed dramatically

7

from the quantity found by the jury, to hold Johnson to a higher statutory penalty. Ultimately, statutory penalties are determined by facts submitted to a grand jury, a trial jury, or established by a guilty plea. *United States v. Simons*, 375 F. Supp. 3d 379 (E.D.N.Y. 2019) (interpreting the First Step Act in light of *Alleyne*). In Johnson's case, there simply was not a finding beyond a reasonable doubt that Johnson conspired to distribute *any* specific amount of crack cocaine over 50 grams, let alone a finding that he conspired to distribute 280 grams. The statute that Johnson violated is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act. Therefore, Johnson's offense is "covered" under the First Step Act, and he is eligible for a sentence reduction.

### B. Sentence Reduction

The Court turns to its determination of Johnson's reduced sentence. Johnson argues that the "career offender" offense level applicable to the lowered 40-year maximum sentence is 34, pursuant to U.S.S.G. § 4B1.1(b)(1). An offense level of 34 combined with Johnson's criminal history category of VI (which remains unchanged), corresponds to a Guidelines range of 262 to 327 months. Johnson requests a new sentence of 262 months, the low end of the new Guidelines range for his offense, because the Court originally sentenced Johnson to 360 months, the then-low end of his 360 months to life range.

Johnson sets forth several arguments in support of a reduced sentence in his case. First, he has been a "model prisoner" during his almost 18 years of imprisonment. To this end, Johnson has submitted a lengthy transcript of classes and programs he has participated in while incarcerated, and states that he has had no disciplinary violations. (*See* Ex. D to Johnson's Reply.) Second, Johnson is now 51 years old. The U.S. Sentencing Commission has found that the "recidivism rate begins to decline substantially" at the age of 50. *See United States v. Tucker*, 356 F. Supp. 3d 808, 810 (S.D. Iowa 2019). Third, Johnson's co-defendants received shorter sentences than Johnson because they were not "career offenders"—Cooper received 240 months and McMillian received 151 months. (*See* Orders Reducing Sentences, Dkt. Nos. 212, 170.) Both have served their time and been released. Fourth, a sentence reduction in this case would achieve the purpose of the Fair Sentencing Act and, undoubtedly, the First Step Act—to reduce sentencing disparities in crack cocaine cases. *See Dorsey v. United States*, 567 U.S. 260, 276 (2012).

The Government does not argue that, if the Court finds Johnson eligible for sentence reduction, Johnson is somehow not deserving of said reduction. Thus, it appears to the Court that the Government does not object to a sentence reduction if Johnson is eligible. Accordingly, and because Johnson has raised several meritorious arguments in favor of a reduced sentence, the Court

reduces his custodial sentence from 360 months to 262 months on counts one, two and three, to run concurrently with each other. As Johnson has not requested a reduction in his previously-ordered term of supervised release, the Court leaves his terms of supervised release intact.

### III. CONCLUSION

For the reasons stated herein, Sedgwick Johnson's Motion to Reduce Sentence Under the First Step Act (Skt. No. 240) is granted. The Court reduces his custodial sentence from 360 months to 262 months.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/24/2019